IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES S. THOMPSON; RAE LYNN SIGWALT; MRS. RICH CHECK; BRIAN VERNON; EUNICE THOMPSON-LEAKE, and all similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NORMAN HOWARD, *Redstone Township Policeman*; ROY MEHALIK, *Luzerne Township Policeman*; REDSTONE TOWNSHIP; LUZERNE TOWNSHIP; TROOPER BROADWATER, *PA. State Police*; PA STATE POLICE; COMMONWEALTH OF PENNSYLVANIA *PA. Attorney General's Office, Harrisburg, PA*; and FAYETTE COUNTY <br><br> Defendants. | Civil Action No. 09-1416 <br><br> Magistrate Judge Lisa Pupo Lenihan <br><br> Doc. No. 5 |

## MEMORANDUM OPINION ON MOTION TO CERTIFY CLASS ACTION AND

## MOTION FOR APPOINTMENT OF COUNSEL.

LENIHAN, Magistrate Judge

James S. Thompson [*hereinafter* Plaintiff] brings this case before United States Magistrate Judge Lisa P. Lenihan. Plaintiff filed a civil rights action based upon his alleged harassment, prior to his incarceration, by Officer Norman Howard of Redstone Township and Officer Roy Mehalik of Luzerne Township. Plaintiff is currently incarcerated, is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*. Plaintiff submitted a Motion to Certify Civil Action Complaint as a Class Action [Motion to Certify] together with a Motion for Appointment of an Attorney. Plaintiff's Motion to Certify does not satisfy the requirements for class certification with regard to

-1-

commonality and typicality of issues of fact and law under Federal Rule of Civil Procedure 23(a). Therefore, Plaintiff's Motion to Certify and Motion for Appointment of an Attorney will be denied.

### *Relevant Background*

The basis for Plaintiff's Complaint stems from an incident which occurred on or around March 2008 (the exact date is not noted in Plaintiff's complaint) in the "Census Designed Place of Republic, Pennsylvania". In his Complaint, Plaintiff alleges that Officer Norman Howard forcefully attempted to arrest Plaintiff during a traffic stop, which prompted Plaintiff to flee via his car. Plaintiff additionally alleges that Officer Howard and Officer Roy Mehalik, while in pursuit of Plaintiff, opened fire on Plaintiff's car. The cause for Officer Howard's initial attempt at arresting Plaintiff is unknown. Plaintiff further contends that defendants Officer Howard and Officer Mehalik are known in their respective communities for police brutality against citizens of Redstone Township and Luzerne Township, respectively.

Plaintiff alleges that the altercation violated his Fourth Amendment right against unlawful search and seizure, that his flight from the arresting officer was justified due to his fear of mortal danger, and that the arresting officers' actions were racially motivated in violation of the Fourteenth Amendment. Plaintiff also brings a claim under the Eighth Amendment, stating that the officers involved acted in an extreme fashion so as to constitute cruel and unusual punishment.

Plaintiff moves to certify his civil action complaint as a class action, naming himself as the representative for "all those similarly situated." In support of his motion, Plaintiff states that the allegations in the complaint "show an ongoing pattern of police brutality against not only plaintiff members, but also against innocent society members." As such, Plaintiff contends that a class action will "have a more powerful affect [sic] in altering changes [sic] and sending a stronger message to

all police who have the tendencies of similar abusive motivations." In addition, Plaintiff moves to certify his complaint as a class action in order to allow those who have not yet been identified as member plaintiffs to join. Finally, Plaintiff contends that Officer Howard's and Officer Mehalik's alleged acts of police brutality are a serious threat to the public safety of the citizens in both Redstone Township and Luzerne Townships. As such, Plaintiff asserts that a class action is the best way to protect those similarly situated to himself.

### *Legal Standards*

"In any class certification, the threshold issue is whether the four requisites of Rule 23(a), numerosity, commonality, typicality, and adequacy, are met." *Chiang v. Veneman*, 385 F.3d 256, 264-65 (3d Cir. 2004). "The requirements of Rule 23(a) are meant to ensure that class action treatment is necessary and efficient and that it is fair to absentees under the particular circumstances of the cases." *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994). A member of a class may sue as a representative on behalf of all members only if "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *Chiang*, 385 F.3d at 265. The proponent of class certification has the burden of proving each of the prerequisites of a class action under Rule 23(a). *Chiang*, 385 F.3d at 264. Although the court must not determine the merits of the claim brought by the plaintiff, his claim must be scrutinized in light of the factual record in order to determine whether it is suitable for class-wide adjudication. *See Johnston v. HBO Film Management, Inc.*, 265 F.3d 178, 189 (3d Cir. 2001).

*Analysis*

For the reasons stated below, the Court finds that Plaintiff's Motion to Certify does not satisfy the threshold requirements of Rule 23(a) and, as such, will be denied.

The Court must first determine whether Plaintiff has satisfied the numerosity requirement under Rule 23(a). The numerosity requirement is satisfied only where, looking at the totality of the circumstances, joinder is sufficiently impracticable. *Baby Neal*, 43 F.3d at 56. In Plaintiff's Motion to Certify, Plaintiff identified the proposed class as "all those similarly situated." Reading this within the context of Plaintiff's complaint, it appears that Plaintiff intended to name as the proposed class the citizens of Redstone Township and Luzerne Township who have suffered from Officer Howard's and Officer Mehalik's alleged acts of police brutality. Due to the Plaintiff's failure to further identify a concise number of victims, the Court thus has no clear idea of whether joinder would in fact be impracticable pursuant to the numerosity requirement under Rule 23(a). Assuming Plaintiff wishes to join all citizens of these townships, the court finds that to be inappropriately broad as not all citizens have suffered from the alleged use of excessive force as Plaintiff has alleged he suffered.

While numerosity addresses the necessity of certification, the last three requirements, commonality, typicality, and adequacy, help the Court to "determine whether the class action can be maintained in a fair and efficient manner." *Baby Neal,* 43 F.3d at 55. The commonality requirement in Rule 23(a) "does not require an identity of claims or facts among class members; instead, [it] 'will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class.'" *Johnston*, 265 F.3d at 183 (quoting *In re the Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 310 (3d Cir. 1998)). Plaintiff alleged that

members of Redstone and Luzerne Townships have suffered "an ongoing pattern of police brutality." Plaintiff failed to support his allegation of police brutality with a showing of such a pattern, however, making instead only vague assertions regarding the truth of his statement based on his own altercation with Officers Howard and Mehalik. Plaintiff's allegations appear to be based solely on his own altercation with these officers. Thus, the facts as they are presented in Plaintiff's complaint do not permeate widely enough among the citizens of the two townships to demonstrate that the proposed class shares facts common to any question of law or fact or even whether there are other potential class members. Therefore, Plaintiff failed to demonstrate that there are a sufficient number of common class issues pursuant to the commonality requirement in Rule 23(a). This reason alone is sufficient to deny Plaintiff's Motion to Certify; however, because Plaintiff also failed to fulfill other prerequisites within the Rule 23(a) test, the Court will continue to discuss the remainder of the Rule 23(a) test.

In contrast to the commonality prong of the Rule 23(a) test, which evaluates the sufficiency of the class, the typicality prong evaluates the sufficiency of the named plaintiff. *Baby Neal*, 43 F.3d at 56. This analysis aids the Court in determining "whether the named plaintiff has incentives that are aligned with those of absent class members." *Id.* at 57. Here, Plaintiff submitted a Motion to Certify because he believed, with regard to the alleged actions of the officers in question, that a class action would send "a stronger message to all police who have the tendencies of similar abusive motivations." While this would certainly be true in circumstances where the class in question has in fact suffered police brutality similar to Plaintiff's alleged experience, in the present case, Plaintiff's allegations with regard to his own experience have not affected anyone other than himself. Thus, it would be too far for the Court to reach to make the inference from the facts presented by the

Plaintiff that Plaintiff's incentives in filing this case are aligned with those of the proposed class members. Plaintiff thus failed to satisfy his burden of proof regarding typicality of claims under Rule 23(a).

Finally, Rule 23(a) requires adequacy of representation in order to assure that "the named plaintiffs' claims are not antagonistic to the class and that the attorneys for the class representatives are experienced and qualified to prosecute the claims on behalf of the entire class." *Baby Neal*, 43 F.3d at 55. Plaintiff's failure to satisfy his burden of proof regarding both the commonality and typicality prongs of Rule 23(a) indicates a failure by proxy to prove that he is an adequate representative for the class in question.

One issue remains to be discussed. Plaintiff included in his Motion to Certify a Motion for Appointment of Attorney, presumably to facilitate proceeding with a class action. This Court considers the Motion for Appointment of Attorney as unique to Plaintiff's Motion to Certify, and, because the Court sees no objective reason to certify the class action, Plaintiff's request for appointment of a representative in his attempt to certify a class action is moot.

### *Conclusion*

For the foregoing reasons, the Court finds that Plaintiff failed to satisfy his burden of proof under Rule 23(a). Therefore, the Plaintiff's Motion to Certify and Motion for Appointment of Attorney are denied. An appropriate order will follow.


Dated: November 13, 2009                BY THE COURT:

                                        _____
                                        LISA PUPO LENIHAN

United States Magistrate Judge

cc:

**JAMES S. THOMPSON**
Greene County Prison
855 Rolling Meadows Road
Waynesburg, PA 15370