IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES S. THOMPSON; RAE LYNN SIGWALT; MRS. RICH CHECK; BRIAN VERNON; EUNICE THOMPSON-LEAKE, and all similarly situated, | ) ) ) ) ) ) | Civil Action No. 09-1416 Magistrate Judge Lisa Pupo Lenihan |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| NORMAN HOWARD, *Redstone Township Policeman*; ROY MEHALIK, *Luzerne Township Policeman*; REDSTONE TOWNSHIP; LUZERNE TOWNSHIP; TROOPER BROADWATER, *PA. State Police*; PA STATE POLICE; COMMONWEALTH OF PENNSYLVANIA *PA. Attorney General's Office, Harrisburg, PA*; and FAYETTE COUNTY | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION DISMISSING ADDITIONAL PLAINTIFFS**

LENIHAN, Magistrate Judge

Plaintiff James S. Thompson ("Plaintiff Thompson") filed a civil rights action based upon his alleged harassment, prior to his incarceration, by Officer Norman Howard of Redstone Township and Officer Roy Mehalik of Luzerne Township. Plaintiff Thompson is currently incarcerated, is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*. In his Complaint, Plaintiff Thompson named four individuals other than himself as plaintiffs: Ms. Rae Lynn Sigwalt ("Sigwalt"), Mrs. Rich Check ("Check"), Mr. Brian Vernon ("Vernon"), and Mrs. Eunice

Thompson-Leake ("Thompson-Leake"). For the following reasons, the Court will dismiss these four additional plaintiffs from the present action.

## *Standard of Review*

Under Rule 21 of the Federal Rules of Civil Procedure, this Court has authority to add or drop a party *sua sponte* "on just terms." Fed. R. Civ. P. 21 (stating "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). Further, under Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996),[1] Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b). Additionally, 28 U.S.C. § 1915(e), requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Anyanwutaku v. Moore*, 151 F.3d 1053 (D.C. Cir. 1998); *Mitchell v. Farcass*, 112 F.3d 1483,

---

[1] Even though the alleged civil rights violations did not occur while Plaintiff Thompson was incarcerated, the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims in that Act is applicable to this case.

1484 (11th Cir. 1997); *Powell v. Hoover*, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Tucker v. Angelone*, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41 (1957). Notwithstanding, a plaintiff must allege specific facts supporting his claims to withstand dismissal for failure to state a claim. *Brock v. St. Joseph's Hosp.*, 104 F.3d 358 (4th Cir. Dec. 23, 1996); *Whitehead v. Becton*, 1996 WL 761937 (D.C. Cir. 1996).

Plaintiff Thompson is considered a "prisoner" as that term is defined under PLRA11. *See* 28 U.S.C. §§ 1915(h) & 1915A(c) (defining the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."). Additionally, Plaintiff Thompson is seeking redress from the Commonwealth of Pennsylvania, a governmental entity. Finally, this Court granted Plaintiff Thompson's Motion to Proceed *in forma pauperis* on October 29, 2001 (doc. # 3). Thus, this Court must review and screen Plaintiff Thompson's allegations in accordance with the *sua sponte* requirements under Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

*Analysis*

I.  *Sua Sponte* **Dismissal of Plaintiffs for Failure to Fulfill the Rule 11 Pleading Requirements.**

Federal Rule of Civil Procedure 11 states, in pertinent part: "Every pleading, written motion,

and other paper must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11. Further, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or the party's attention." *Id.* In addition, each individual proceeding as a plaintiff must file either the appropriate filing fee pursuant to 28 U.S.C. § 1914 or an *in forma pauperis* request pursuant to 28 U.S.C. § 1915. Where the court grants an *in forma pauperis* request to one or all plaintiffs in a civil action, the parties may then "plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. "This provision has been interpreted to allow for two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir 1991) (quoting *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 477 (N.D.Tex. 1975), *aff'd sub nom. Pilla v. American Bar Ass'n*, 542 F.2d 56 (8th Cir. 1976) (appeal from multi-district litigation)). However, the statute "does not allow for unlicensed laymen to represent anyone else other than themselves." *Eagle Associates, 926 F.2d at 1308* (citations omitted).

In the present case, Plaintiff Thompson signed the Complaint, but Sigwalt, Check, Vernon, and Thompson-Leake did not sign any of the documents submitted by Plaintiff Thompson, thus failing to demonstrate their willingness to join this case as plaintiffs. *Id.* In addition, although Plaintiff Thomson submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, Sigwalt, Check, Vernon, and Thompson-Leake did not submit either a representative fraction of the filing fee, pursuant to 28 U.S.C. § 1914, or an *in forma pauperis* request, pursuant to 28 U.S.C. § 1915. As such, it appears that Plaintiff Thompson submitted this civil action on behalf of

Sigwalt, Check, Vernon, and Thompson-Leake. Plaintiff Thompson submitted no evidence demonstrating that he is qualified to represent the aforementioned individuals as their attorney and Plaintiff Thompson, an unlicensed laymen, cannot represent anyone other than himself in the current controversy.

Therefore, this Court finds just terms for *sua sponte* dismissal of Ms. Rae Lynn Sigwalt, Mrs. Rich Check, Mr. Brian Vernon, and Mrs. Thompson-Leake for failure to fulfill the requirements of Federal Rule of Civil Procedure 11.

## II. Dismissal of Plaintiffs for Failure to Fulfill Rule 20.

In addition, even if these plaintiffs had signed the complaint, they are subject to dismissal due to their failure to fulfill the requirements of Federal Rule of Civil Procedure 20 regarding the joinder of more than one plaintiff in an action.

> Under Rule 20 of the Federal Rules of Civil Procedure, parties
>
> may join in one action as plaintiffs if: (a) They assert any right to relief jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence or series of transactions or occurrences; and (b) Any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). Although misjoinder and non-joinder of parties is not grounds for dismissal, where joined plaintiffs fail to meet both of these requirements, the district court may sever the misjoined plaintiffs as long as no substantial right will be prejudiced by the severance. *See* Fed. R. Civ. P. 21; *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972) (stating that "[t]he proper remedy in case of misjoinder is to grant severance or dismissal to the improper party if it will not prejudice any substantial right"). In the present case, Plaintiff Thompson attempts to join as plaintiffs to his civil rights action four

individuals whose relation to the case is unclear at best. This Court finds that, pursuant to its authority under Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915(e)(2)(B), and 28 U.S.C. § 1915A(b), dismissal of the named individuals as plaintiffs is appropriate for failure to fulfill the requirements for joinder pursuant to Rule 20 of the Federal Rules of Civil Procedure.

### A.     Ms. Rae Lynn Sigwalt

Plaintiff Thompson first attempts to join as plaintiff Ms. Rae Lynn Sigwalt. Sigwalt was allegedly present at the time of the altercation between Plaintiff Thompson and the police officers in question. However, Plaintiff Thompson states in his complaint that Sigwalt had already been placed under arrest pursuant to an outstanding warrant before the altercation involving him began. Sigwalt's role in Plaintiff Thompson's complaint is, at best, as an observer from the back seat of Officer Howard's police car. As such, the complaint does not present any claims on behalf of Sigwalt either that arise out of the same transaction or occurrence as Plaintiff Thompson's personal altercation with Officer Howard or that contain any question of law or fact common to both Plaintiff Thompson and Sigwalt. *See* Fed. R. Civ. P. 20 (requiring that joined plaintiffs assert a right to relief stemming from the same transaction or occurrence and sharing questions of law or fact common to all plaintiffs).

Therefore, this Court finds just terms for *sua sponte* dismissal of Ms. Rae Lynn Sigwalt pursuant to Federal Rule of Civil Procedure 21, 28 U.S.C. § 1915(e)(2)(B), and 28 U.S.C. § 1915A(b) for failure to fulfill the requirements of Federal Rule of Civil Procedure 20.

**B.     Mrs. Rich Check**

Plaintiff Thompson also names in his list of extraneous plaintiffs Mrs. Rich Check; however, Check's role in the current controversy is unknown. Plaintiff Thompson fails to even mention Mrs. Check's name in the body of his complaint. This failure to discuss the claims brought by or on behalf of a named plaintiff in the complaint equates to a failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915A & 1915(e) (requiring the federal courts to dismiss, at any time, any action falling under the PLRA that fails to state a claim on which relief may be granted pursuant to a Rule 12(b)(6) standard); Fed. R. Civ. P. 12(b)(6). In addition, Plaintiff Thompson's failure to present any claims on behalf of Check removes any possibility that the requirements for joinder under Rule 20 of the Federal Rules of Civil Procedure have been satisfied by the complaint. *See* Fed. R. Civ. P. 20.

Therefore, this Court finds just terms for *sua sponte* dismissal of Mrs. Rich Check pursuant to Federal Rule of Civil Procedure 21, 28 U.S.C. § 1915(e)(2)(B), and 28 U.S.C. § 1915A(b) for failure to fulfill the requirements of Federal Rule of Civil Procedure 20.

**C.     Mr. Brian Vernon**

The third individual that Plaintiff Thompson attempts to join in his complaint is Mr. Brian Vernon. One of Plaintiff Thompson's main contentions in his complaint stems from Plaintiff Thompson's mortal fear due to acts of police brutality in which Plaintiff Thompson alleges Officers Howard and Mehalik partake regularly. Plaintiff Thompson presents as the basis for his fear of mortal danger from Officers Howard and Officer Mehalik anecdotal evidence regarding alleged acts of brutality suffered by victims in Redstone and Luzerne

Townships. One such anecdote centers around Mr. Vernon, an alleged victim of Officer Mehalik's brutality. Plaintiff Thompson alleges in his complaint that Officer Mehalik visited Vernon's residence and, for an undisclosed reason, broke bones in Vernon's face and mangled Vernon's eye. According to the complaint, Officer Mehalik was acting in an unofficial capacity when this occurred.

Plaintiff Thompson presents his allegations regarding the altercation between Vernon and Officer Mehalik solely in support of Plaintiff Thompson's alleged fear of mortal danger based on the officers' reputation in the community. Vernon's claim to relief pursuant to Officer Mehalik's actions neither arises out of the same transaction or occurrence as Plaintiff Thompson's personal altercation with Officer Howard nor contains any question of law or fact common to both Plaintiff Thompson and Vernon. *See* Fed. R. Civ. P. 20 (requiring that joined plaintiffs assert a right to relief stemming from the same transaction or occurrence and sharing questions of law or fact common to all plaintiffs). Thus, although Plaintiff Thompson's allegations of police brutality may be considered by this court, Vernon's claim is a matter wholly unrelated to Plaintiff's cause of action, and should be brought before the court, by Vernon, in a separate and unrelated claim.

Therefore, this Court finds just terms for *sua sponte* dismissal of Mr. Brian Vernon pursuant to Federal Rule of Civil Procedure 21, 28 U.S.C. § 1915(e)(2)(B), and 28 U.S.C. § 1915A(b) for failure to fulfill the requirements of Federal Rule of Civil Procedure 20.

### D.   Mrs. Eunice Thompson-Leake

Plaintiff Thompson names his sister, Mrs. Eunice Thompson-Leake, last in his list of extraneous plaintiffs. Much like Check, Plaintiff Thompson fails to even mention

Thompson-Leake's name in the body of his complaint. This failure to discuss the claims brought by or on behalf of a named plaintiff in the complaint equates to a failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915A & 1915(e) (requiring the federal courts to dismiss, at any time, any action falling under the PLRA that fails to state a claim on which relief may be granted pursuant to a Rule 12(b)(6) standard); Fed. R. Civ. P. 12(b)(6). In addition, Plaintiff Thompson's failure to present any claims on behalf of Thompson-Leak removes any possibility that the requirements for joinder under Rule 20 of the Federal Rules of Civil Procedure have been satisfied by the complaint. *See* Fed. R. Civ. P. 20.

Therefore, this Court finds just terms for *sua sponte* dismissal of Mrs. Eunice Thompson-Leake pursuant to Federal Rule of Civil Procedure 21, 28 U.S.C. § 1915(e)(2)(B), and 28 U.S.C. § 1915A(b) for failure to fulfill the requirements of Federal Rule of Civil Procedure 20.

### *Conclusion*

Therefore, for all of the reasons stated above, the Court moves *sua sponte* to dismiss plaintiffs Ms. Rae Lynn Sigwalt, Mrs. Rich Check, Mr. Brian Vernon, and Mrs. Eunice Thompson-Leake from the present action. An appropriate order will follow.

Dated: November 18th, 2009

BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge

cc:   James S. Thompson
      Greene County Prison
      855 Rolling Meadows Road
      Waynesburg, PA 15370