IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES S. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 09-1416 |
| ) | |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| NORMAN HOWARD, *Redstone Township* ) | Doc. No. 7 |
| *Policeman*; ROY MEHALIK, *Luzerne* ) | |
| *Township Policeman*; REDSTONE ) | |
| TOWNSHIP; LUZERNE TOWNSHIP; ) | |
| TROOPER BROADWATER, *PA. State* ) | |
| *Police*; PA STATE POLICE; ) | |
| COMMONWEALTH OF PENNSYLVANIA ) | |
| *PA. Attorney General's Office, Harrisburg,* ) | |
| *PA*; and FAYETTE COUNTY ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION

LENIHAN, Magistrate Judge

Plaintiff James S. Thompson ("Plaintiff") has petitioned for a temporary injunction against Officer Norman Howard of Redstone Township Police Department. (Doc. No. 7.) Plaintiff failed to demonstrate that he is entitled to the extraordinary relief of a Temporary Restraining Order ("TRO"). Therefore, the Motion for a TRO is **DENIED**.

### *Relevant Procedural History*

Plaintiff contends that the injunction is necessary to protect himself and three other individuals named in the caption of the TRO, Mrs. Eunice Thompson-Leake, Mr. David Leake, and

their son David Leake ("the Leake family"), from Officer Howard's alleged harassment. Plaintiff requests an order enjoining Officer Howard from continuing his "abusive practice[s] by ordering that he can not have any contact with plaintiffs, [sic] James S. Thompson, Eunice Thompson-Leake, David Leak (husband) and David Leake (son) or any close friends in the company of these plaintiffs." Plaintiff alleges in support of his request to enjoin Officer Howard that: Officer Howard followed Plaintiff and the Leake family to their house, falsely accused Plaintiff and Mr. Leake of possessing contraband and weapons; Officer Howard repeatedly stopped Plaintiff and the Leake family for no reason other than to cause alarm, annoyance, and intimidation; and, Officer Howard intimidated and harassed Plaintiff's white female friend for racially charged purposes when Officer Howard found her in the company of Plaintiff and Mr. Leake. (Doc. No. 7.) Plaintiff makes his request for a TRO on behalf of one person whom the Court dismissed from the complaint, Mrs. Thompson-Leake,[1] as well as on behalf of two individuals who were not named as plaintiffs in the complaint, Mr. Leake and David Leake. Plaintiff, an unlicensed layperson, can not represent anyone else other than himself. *See Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (stating that 28 U.S.C. § 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves"). Therefore, this Court considers Plaintiff's request for a TRO solely as it relates to Plaintiff.

### *Applicable Legal Standard*

In order to determine whether a TRO is warranted, a court must consider four factors: (1) whether the moving party shows a reasonable probability of success on the merits of his or her case; (2) whether the moving party will suffer irreparable harm if relief is denied; (3) whether granting

---

[1] By order of the Court dated November 18, 2009, Mrs. Thompson-Leake was dismissed from this action.

preliminary relief will inflict greater harm on the non-moving party; and (4) whether the preliminary relief requested is in the public interest. *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 152, 158 (3d Cir. 1999). The court must balance these four factors to determine if an injunction should be issued. *Id.* It is well established that a TRO, as a preliminary injunction, "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). An injunction is a remedy that should only be used in a clear and plain case, and that "upon application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. V. Braddock*, 90 F.2d 85, 91 (3d Cir. 1992).

A plaintiff seeking a injunctive relief must demonstrate that it is "the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). In doing so, the plaintiff must prove that "the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." *United States v. Commonwealth of Pennsylvania*, 533 F.2d 107, 110 (3d Cir. 1976). In addition, the irreparable injury from which plaintiff seeks protection must be an immediate injury and not speculative. *See Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992). Finally, the injury "must be of a peculiar nature, so that compensation in money cannot atone for it." *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987).

### *Discussion*

In the present case, due to the anecdotal nature of Plaintiff's claim and the fact that a responsive pleading has yet to be filed, the Court is unable to determine whether Plaintiff shows a reasonable probability of success on the merits of his claims against Officer Howard. The first element aside, however, Plaintiff fails to demonstrate either the immediacy or the irreparability of

the harm from which he seeks protection. Plaintiff contends that, at the time he was living with the Leake family, Officer Howard harassed him; however, at the present time, Plaintiff is incarcerated and, as such, is far away from any of Officer Howard's potentially harassing actions. Thus, the harm from which Plaintiff seeks protection is hardly immediate. Further, Plaintiff did not present any evidence to demonstrate that Officer Howard's feared future harassment will cause irreparable damage. *See United States v. Commonwealth of Pennsylvania*, 533 F.2d at 110 (stating that "mere injury, even if serious or substantial, is not sufficient"). In addition, the injury from which Plaintiff seeks protection is the possibility of future harassment, which is clearly speculative. *See Campbell Soup Co.*, 977 F.2d at 91(the irreparable injury from which plaintiff seeks protection must be an immediate injury and not speculative). As such, Plaintiff's allegations regarding Officer Howard's harassment fail to demonstrate that he is entitled to the extraordinary relief of an injunction. *See Mazurek*, 520 U.S. at 972 (stating that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion").

## *Conclusion*

The Court finds that Plaintiff did not carry his burden of persuasion by a clear showing of evidence requiring that he demonstrate the immediacy and irreparability of the harm from which he seeks protection. Thus, Plaintiff's Motion for a TRO is **DENIED**. An appropriate order will follow.

Dated: November 25, 2009

BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge

cc: James S. Thompson
Greene County Prison
855 Rolling Meadows Road
Waynesburg, PA 15370